**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **JEFFREY WHITE & AMBER WHITE,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | **Case No. 4:16-cv-1216 SNLJ** |
| ) | |
| **AMERISTEP, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM and ORDER

This matter is before the Court on review of the file following assignment to the

undersigned. The Eight Circuit has admonished district courts to "be attentive to a

satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823

F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it

has jurisdiction before it turns to the merits of other legal arguments." *Carlson v.*

*Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who

seeks to invoke diversity jurisdiction of the federal courts must plead citizenship

distinctly and affirmatively." 15 James Wm. Moore, et al., *Moore's Federal Practice* §

102.31 (3d ed. 2010).

The Complaint (#1) asserts that the Court has jurisdiction over the action pursuant

to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the

matter in controversy exceeds the sum of $75,000. Plaintiffs allege that they are citizens

of Missouri and that defendants are Michigan and New Jersey corporations. Plaintiffs

also provide addresses for the Michigan corporation's "corporate office" and the New Jersey's corporation's "registered agent." However, a corporation is deemed to be a citizen of both the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c). Plaintiff does not allege where defendants have their principal place of business.

Because it is the plaintiffs' burden in this case to establish subject matter jurisdiction, the Court will grant plaintiffs twenty-one (21) days to file an amended complaint which alleges facts showing the existence of the requisite diversity of citizenship of the parties. If plaintiff fails to timely and fully comply with this Order, the Court will dismiss this matter without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, by August 23, 2016, plaintiffs shall file an amended complaint which shall allege defendants' principal places of business.

Dated this 2nd day of August, 2016.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE