UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY WHITE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-CV-1216-SNLJ |
| | ) | |
| AMERISTEP, INC., and, | ) | |
| TAHSIN INDUSTRIAL CORP. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Jeffrey White's motion for leave to file a second amended complaint (#51), motion to compel discovery (#46), and motion to extend scheduling order deadlines (#52).

### I. Factual Background

Plaintiff was injured when his Tahsin 2010 Model WMLS-500CS two-man ladderstand ("subject treestand") allegedly failed and collapsed while he was climbing the treestand's ladder. Plaintiff then filed this product liability lawsuit.

Plaintiff served his first request for interrogatories and first request for production of documents. Defendants responded to both. Plaintiff also deposed defendants' corporate representative, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

### II. Motion for Leave to File a Second Amended Complaint (#51)

1

When plaintiff first filed this lawsuit, he named as defendants Ameristep, Inc., and Primal Vantage Co., Inc. Distributor (#1). Then, "based on representations of defense counsel that Primal Vantage was not the proper party," plaintiff voluntarily dismissed Primal Vantage and replaced it with Tahsin Industrial Corp. (#24). After deposing Tahsin's corporate representative, plaintiff now believes that Primal Vantage should, in fact, be a defendant in this lawsuit. Plaintiff claims that "Primal [Vantage] continues to be the primary actor in the design, marketing, management[,] and placement of the subject ladder deer stand in the stream of commerce." (#51 at 2.)

Defendants oppose the motion. They argue that "Primal Vantage owed no duty to Plaintiff and . . . did not manufacture, design[,] or distribute the subject [treestand]." (#57 at 1.) Defendants claim that plaintiff wants to add Primal Vantage as a party so he can discover information about treestands—unrelated to the subject treestand—that Primal Vantage distributes. Defendants urge the Court to deny the motion because (1) it is untimely and dilatory, (2) any claim against Primal Vantage would be futile, (3) adding Primal Vantage as a party would significantly prejudice the other defendants, and (4) the deadline to join or amend parties has passed.

Plaintiff did not file a reply brief, and the time for doing so has passed.

Because defendants have filed an answer (#12), plaintiff "may amend [his] pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). But parties do not have an absolute right to amend their pleadings, even under this liberal standard. *Sherman v.*

*Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Whether to grant a motion for leave to amend is within the discretion of the district court. *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

A district court may deny a motion to amend if (1) it was filed with undue delay, (2) the moving party filed the motion with bad faith or dilatory motive, (3) the opposing party would be unfairly prejudiced by the amendment, or (4) the amendment would be futile. *Bell*, 160 F.3d at 454.

The Court finds that any claims against Primal Vantage, as currently pleaded in plaintiff's proposed second amended complaint, would be futile because they are legally insufficient on their face. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 225 (8th Cir. 1994). Specifically, plaintiff does not allege that Primal Vantage designed or manufactured the subject treestand for Tahsin. Plaintiff simply claims that Primal Vantage somehow worked with Tahsin in designing the subject treestand. This is a "'naked assertion' devoid of 'further factual enhancement'" and does not satisfy the pleading requirements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (1995)). There is no allegation that explains how Primal Vantage played any role in placing the subject treestand in the stream of commerce.

Finally, plaintiff does not allege an alter ego or joint venture theory. Thus, nothing in plaintiff's allegations ties Primal Vantage to Tahsin. In sum, plaintiff fails to connect Primal Vantage to both the product and the defendant Tahsin. The amendment would be futile, and plaintiff's request is denied.

**III.    Motion to Compel Discovery (#46)**

This Court has wide discretion in dealing with discovery matters. *Cook v. Kartridg Pak Co.*, 840 F.2d 602, 604 (8th Cir. 1988). Discovery rules should be construed broadly and liberally to serve the purpose of discovery—that is, "to provide the parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement." *Centrix Fin. Liquidating Tr. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 4:12-MC-624-JAR, 2013 WL 3225802, at *2 (E.D. Mo. June 25, 2013) (*quoting Gladfelter v. Wal-Mart Stores, Inc.*, 162 F.R.D. 589, 590 (D. Neb. 1995)).

> Rule 26(b)(1) provides the discovery scope and limits:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rule 30(b)(6) allows a party to name a corporation or other organization as the deponent in the party's deposition notice or subpoena. The organization then designates a representative who "must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).

Plaintiff claims the defendants failed to fully answer his interrogatories and failed to fully provide responsive documents. He also claims the defendants' corporate

4

representative was not properly prepared to testify at her deposition. The Court takes each in turn.

### A. Interrogatories and Request for Document Production

Although plaintiff claims the defendants failed to provide responsive documents on several matters, in his briefing, plaintiff's focuses entirely on Request for Document Production No. 6[1] and Interrogatory No. 7,[2] which relate to other similar incidents. During the Rule 30(b)(6) deposition, defendants' corporate representative said the subject treestand's ladder design is "see[n] . . . throughout different models and brands [of treestands]." (#47 at 3.) Thus, plaintiff seeks "information on other ladder failures from other similar designs of the defendants . . . ." (#47 at 3.) Specifically, plaintiff argues that defendants must produce the Excel spreadsheet they use to document claims, lawsuits, and failure reports. Plaintiff also argues that defendants must produce any requests that consumers filed when asking for a ladder section replacement. Plaintiff claims that evidence of similar events may show defendants' notice of defects, defendants' ability to correct known defects, the magnitude of the danger, the subject treestand's lack of safety for intended uses, or causation.

Defendants contend that they have complied with plaintiff's requests. First, defendants point out that they have already produced documents relating to the only other claim involving the subject treestand, 81,000 of which have been in the market in the last

---

[1] The full text of the request reads, "Produce all documents reflecting other reports, claims, or lawsuits where a component of Defendant's treestand bent or failed." (#48-4 at 95.)
[2] The full text of the interrogatory reads, "State whether this defendant from 2005 to present received any report, notice or complaint regarding any incident in which the model subject treestand or any other Tahsin Industrial Corp. USA model treestand was involved in which it was alleged any part of the treestand bent or otherwise failed . . . ." (#48-9 at 146.)

5

five years. Second, they argue that plaintiffs' requests for information related to "other similar incidents" are overbroad. In that regard, defendants argue plaintiff has not made a threshold showing of relevance in that the theory of product defect is still unknown. Plus, there are differences between models, years, and brands for each treestand style. And Tahsin has sold over 100 different makes and models in the last decade, many of which are different from the subject treestand.

The Court agrees that plaintiff's requests are overbroad, especially in light of the 81,000 identical treestands that have been in the market for the last five years.

### B. Corporate Representative Deposition

Plaintiff claims the defendants' corporate representative was not prepared to discuss four topics at the Rule 30(b)(6) deposition.

First, plaintiff argues, because the representative was not familiar with "stress risers, failure mode effects analysis, [and] SAE standards," the representative was not prepared to discuss the deposition topic dealing with the American Society for Testing and Materials ("ASTM") standards, the American National Standards Institute ("ANSI") standards, and other standards applicable to treestands. But the representative explained that the ANSI standards do not apply to treestands. She also noted that she's familiar with the applicable Treestand Manufacturer's Association ("TMA") and the ASTM standards that defendants test to. This suggests that the topics the representative was unfamiliar with are not part of the ASTM standards or that they otherwise are inapplicable to the subject treestand. The deposition notice mentioned the ASTM and other applicable standards, and the representative testified about both of those topics.

6

Plus, defendants produced testing documents related to the subject treestand. This argument fails.

Second, plaintiff argues that the representative was not prepared to discuss defendants' involvement with the TMA. This argument is not supported by the deposition testimony and fails.

Third, plaintiff argues that the representative was not prepared to discuss other claims, lawsuits, product failure reports, settlements, or judgments. The representative explained that defendants keep this information in an Excel spreadsheet, and plaintiff's attorney then moved on to the next topic. That was the end of the discussion about this topic. So this argument fails.

Fourth, plaintiff argues that the representative was not prepared to discuss any money the defendants have paid for claims involving ladderstands. Again, the representative said the defendants have a document that tracks this information. This argument fails.

Thus, defendants need not produce a witness for another Rule 30(b)(6) deposition, and plaintiff's request is denied.

**IV.     Motion to Extend Scheduling Order Deadlines (#52)**

Per the Amended Case Management Order (#45), plaintiff's expert witness reports are due by January 2, 2018. Plaintiff asks the Court to extend that deadline by thirty days. He also asks the Court to extend the date by which expert depositions must be taken. Defendants agree to an amended scheduling order, so long as all other deadlines also are extended (including their expert discovery deadline). Thus, the motion will be

granted, plaintiff's expert discovery will be due on February 1, 2018, and all later deadlines will be adjusted accordingly. The court will file a Second Amended Case Management Order that reflects the new deadlines.

## V. Pleading Requirements

The Amended Complaint (#24) asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different states and the matter in controversy exceeds the sum of $75,000. Plaintiff alleges that he is a citizen of Missouri and that defendants are Michigan and New Jersey corporations. Plaintiff also provides addresses for the Michigan corporation's "corporate office" and the New Jersey corporation's "registered agent." But a corporation is a citizen of both the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c). Plaintiff does not allege where defendants have their principal places of business.

Because it is the plaintiff's burden to establish subject matter jurisdiction in this case, the Court again (*see* #6) grants plaintiff twenty-one days to file an amended complaint that alleges facts showing the existence of the requisite diversity of citizenship of the parties.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff White's motion for leave to file a second amended complaint (#51) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff White's motion to compel discovery (#46) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff White's motion to extend scheduling order deadlines (#52) is **GRANTED**, consistent with the Second Amended Case Management Order that the Court will file.

**IT IS FURTHER ORDERED** that, by January 12, 2018, plaintiffs shall file an amended complaint that alleges defendants' principal places of business.

So ordered this __22nd__ day of December 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE